BLOM *v.* McBRIDE.

1. Bills and Notes—Indorsers—Order of Signing—Statutes.
   As between indorsers, not joint, the order of signing is of moment and under the statute indorsers are liable *prima facie* in the order in which they indorse, evidence being admissible to show that as between or among themselves they have agreed otherwise (2 Comp. Laws 1929, § 9317).

2. Same—Renewals—Omission of Prior Indorsers.
   Where defendant indorser was fifth indorser on original and all successive renewal notes except last, the one upon which action was brought and upon which he was only the second indorser, the other three having been omitted at direction of payee without informing defendant of such omission, plaintiff thereby deprived defendant of remedy he would otherwise have had against such omitted indorsers (2 Comp. Laws 1929, § 9317).

3. SAME—RENEWALS—INDORSEMENTS—EVIDENCE.

In payee's action against indorser of a note, latter's testimony that upon signing the renewal note sued upon nothing had been said about omitting former indorsers and that, in signing, he relied upon the fact that the signatures of the other indorsers would be obtained as in former renewals and that the first he knew they were not on the note was some four years later after this action was commenced was properly admitted where plaintiff had directed that former indorsers be omitted on the renewal note without so informing defendant (2 Comp. Laws 1929, § 9317).

4. SAME—RENEWALS.

A renewal note merely extends the time of payment by the original maker or indorsers in the absence of modification by agreement.

5. SAME—CONTINGENT NATURE OF LIABILITY OF INDORSER.

Indorser of an original and renewal notes which are not joint notes, who was the fifth and last indorser, incurred a contingent liability resting upon the contract obligation attached by law to his relation with the primary obligation upon indorsers preceding him in the order of signing and secondary obligation on him, with remedy over if exacted and met (2 Comp. Laws 1929, § 9317).

6. SAME—INDORSERS—RIGHTS INTER SE.

Payee who accepted original and successive renewal notes indorsed by five indorsers took with recognition of rights of indorsers *inter se* and was precluded from bringing change therein without the knowledge and consent of the indorsers (2 Comp. Laws 1929, § 9317).

7. SAME—SUCCESSIVE INDORSERS—OMISSION OF PRIOR INDORSERS WITHOUT CONSENT—RELEASE.

Where under an original and successive renewal notes, preceding one sued upon, there was successive liability of five indorsers in the order of their indorsement, the indorsements constituted the signers successive indorsers with obligations and rights *inter se*, a relation which may not be changed without their consent, and where the payee directed that three indorsers, preceding defendant, be omitted from renewal sued upon, defendant was released since he was deprived of remedy he otherwise would have had against the omitted indorsers (2 Comp. Laws 1929, § 9317).

8. SAME—SUCCESSIVE INDORSERS—CONTINUANCE OF STATUS INTER SE
   ON RENEWALS.

   The relation between successive indorsers of an original note and
   successive renewals thereof as established by their repeated acts
   required continuance, and, even had three of them signed re-
   newal note sued on after defendant did so, the indorsers'
   previously established status *inter se* would govern rather than
   a departure therefrom without agreement (2 Comp. Laws 1929,
   § 9317).

9. SAME—SUCCESSIVE INDORSERS—ESTOPPEL.

   Defendant who had been the fifth successive indorser on original
   and renewal notes except one sued on and who, after signing as
   second indorser of such renewal, gave assurance that the note
   would be paid and that his indorsement rendered payment cer-
   tain did not thereby waive omission of former indorsers nor
   estop himself from claiming release where basis for waiver and
   estoppel occurred previous to his knowledge that former in-
   dorsers had been omitted by direction of payee.

10. APPEAL AND ERROR—JUDGMENT NOTWITHSTANDING VERDICT.

    Action of circuit judge in entering a judgment for defendant
    notwithstanding verdict for plaintiff was right although he
    gave another reason than that given by Supreme Court for such
    action.

Appeal from Ottawa; Miles (Fred T.), J. Sub-
mitted October 17, 1939. (Docket No. 25, Calendar
No. 40,675.) Decided February 14, 1940. Rehearing
denied April 1, 1940.

Assumpsit by Cornelius Blom against Charles
McBride for sums due on a promissory note. Ver-
dict for plaintiff. Judgment for defendant *non ob-
stante veredicto.* Plaintiff appeals. Affirmed.

*Leo W. Hoffman,* for plaintiff.

*McDonald & McDonald,* for defendant.

WIEST, J. Defendant, in the order of signing, was
the fifth and last indorser upon a promissory note
given by the Bush & Lane Piano Company, a corpo-

ration, February 24, 1928, payable in one year to plaintiff at the Holland City State Bank. The note was left by plaintiff at the bank for collection, with instruction that it be renewed without inclusion of three of the original indorsers, whose names preceded that of defendant, and a renewal note, due in one year, was so executed, upon which, by such omission, defendant became, in order of signing, the second indorser. This suit is against defendant as indorser of the renewal note. Upon trial by jury plaintiff had verdict but the court, upon motion, entered judgment for defendant. Plaintiff reviews by appeal.

One question is whether defendant was released from liability on the note in suit by reason of plaintiff's intentional omission of the three original indorsers, who were prior to defendant in the order of indorsement.

As between indorsers, not joint, the order of signing is of moment. 2 Comp. Laws 1929, § 9317 (Stat. Ann. § 19.110), provides:

"As respects one another, indorsers are liable *prima facie* in the order in which they indorse; but evidence is admissible to show that as between or among themselves they have agreed otherwise."

In the brief of appellant it is stated:

"Briefly reviewing the evidence, it is agreed between plaintiff and the defendant that the indorsers were not joint indorsers, but were liable in the order named," but it is claimed that, "when defendant indorsed the note, he assented to the release of prior indorsers."

The quoted statute is declaratory of a relation between successive indorsers beyond change in a renewal note without the knowledge or consent of the indorser affected thereby.·

Under the original note there was successive liability of the indorsers, in the order of their indorsement, and the intentional omission of three of the former indorsers deprived defendant of remedy he would otherwise have against them.

We have been unable to find the date of the original note, but do find that it and the renewals thereof from year to year, preceding the renewal in suit, had the same five indorsers, with the defendant the fifth in the order of signing.

Defendant testified that the renewal in suit was presented to him for indorsement and nothing was said about omission of former indorsers and, in signing, he relied upon the fact that the signatures of the other indorsers would be obtained upon it as in former renewals, and the first he knew that the other indorsers were not on the note was in October, 1933, some four years after his indorsement and, after his indorsement, he did not see the note until after this suit was brought. This testimony was admitted over objection, and properly so, in this action by the original payee who had directed that former indorsers be omitted on the renewal note without so informing defendant.

A renewal note merely extends the time of payment by the original maker or indorsers in the absence of modification by agreement. Upon the original note and renewals thereof, previous to the renewal in suit, defendant incurred a contingent liability resting upon the contract obligation attached by law to his relation as a successive indorser, with the primary obligation upon indorsers preceding him in the order of signing and secondary obligation on him, with remedy over if exacted and met.

When plaintiff accepted the original note and renewals, previous to the one in suit, he took with required recognition of such rights of the indorsers

*inter se* and was precluded from bringing change therein without the knowledge and consent of defendant.

Defendant testified that he would not have indorsed the renewal note in suit if he had known that the three previous indorsers were released by direction of plaintiff. ·

Under the original note and renewals thereof, preceding the one in suit, there was successive liability of the indorsers in the order of their indorsement and the omission of three indorsers by direction of plaintiff deprived defendant of remedy he otherwise would have against them.

The indorsements on the original note and renewals thereof preceding the one in suit constituted the signers successive indorsers with obligations and rights *inter se.*

The note in suit was a renewal without agreed change in the relation.

The fixed relation, so established by the repeated acts of the indorsers, required continuance, and had the three released indorsers signed the note following defendant's signature, their relation to defendant would be governed by their established status *inter se* rather than by such a departure therefrom without agreement.

Plaintiff claims that defendant, by subsequent assurance that the note would be paid and that his indorsement rendered payment certain, thereby waived the omission of former indorsers and is estopped from now pressing the point of his release.

All matters alleged as a basis for holding there was a waiver and estoppel occurred previous to defendant's knowledge that the former indorsers had been omitted. We find no subsequent relinquishment of a known right or assumption of liability by defendant constituting waiver or calling for a judgment based on estoppel.

The circuit judge was right in entering judgment for defendant notwithstanding the verdict, although he gave another reason than that here mentioned for his action.

The point we have discussed was included in defendant's motion for a directed verdict and for judgment notwithstanding the verdict, and our holding renders it unnecessary to consider other points relative to waiver and estoppel.

The judgment is affirmed, with costs to defendant.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, McALLISTER, and BUTZEL, JJ., concurred.